(No. 80-CC-0947—)

MARZELL AARON SPURLACK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1981.*

MARZELL AARON SPURLACK, *pro se*, for Claimant.

ROE, C. J.

Claimant seeks an award from Respondent in the sum of $5,000.00 due to a back injury allegedly sustained by the Claimant when the chain supporting his bed at Menard Correctional Center broke and he was injured. Claimant alleges that the injury took place during the early morning hours of June 1, 1979.

Claimant stated that he was well aware of the appearance of the chain that supported his bed in his cell at Menard Correctional Center. Claimant testified that prior to the incident in question, he did not notice anything unusual about the chain "at all." Claimant testifies that if he had noticed any deficiency with respect to the chain supporting his bed, he would have reported it and had it repaired. Claimant further testified that he had as much opportunity to examine the chain as anyone, since he was a resident in the cell where the chain was located. Claimant testified there was nothing structurally about the appearance of the chain which would have given any advance notice that it was liable to break. Claimant charges Respondent with the duty to periodically check the chains and bunks to make sure that the chains are not liable to break; yet, Claimant is on the horns of a dilemma because Claimant testified under oath that there was no obvious deterioration of the chain or the bunk that could have been discovered even if checks had been made by Respondent.

The Respondent is not an insurer of the safety of all persons subject to its jurisdiction in the Department of Corrections. Although Claimant appears to be free of all

contributory negligence with respect to the injury he sustained, there has been no negligence shown on the part of Respondent with respect to the unfortunate incident which resulted in Claimant's injury.

It is therefore ordered that Claimant's claim be, and hereby is, denied.